UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM CARL TYLER,

                  Plaintiff,          Civil Action No. 12-14527
                                             Honorable Sean F. Cox
                                             Magistrate Judge David R. Grand

v.

COMMISSIONER OF
SOCIAL SECURITY,

                  Defendant.
_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES [19]**

**I.    REPORT**

        **A.    Background**

On October 12, 2012, Plaintiff William Tyler ("Tyler") filed suit against the Commissioner of Social Security ("Commissioner"), challenging the Commissioner's denial of his application for Supplemental Security Income ("SSI"). (Doc. #1). After the parties filed cross-motions for summary judgment, this Court entered a Report and Recommendation ("R&R") finding that the Administrative Law Judge's ("ALJ") conclusion that Tyler was not disabled under the Social Security Act was not supported by substantial evidence. (Doc. #16). As a result, this Court recommended remanding the matter to the ALJ for further proceedings pursuant to sentence four of 28 U.S.C. §405(g). (*Id.*). The Commissioner did not object to the R&R, which was adopted by Judge Cox on January 29, 2014. (Doc. #17).

Tyler then filed the instant "Combined Motion and Brief for Attorney's Fees Pursuant to the Equal Access to Justice Act," seeking attorney's fees in the amount of $6,222.00 and costs in the amount of $350.00. (Doc. #19). The government filed a response, in which it did not dispute

Tyler's right to recover attorney's fees, but argued that such an award should not exceed $4,575.00.[1]   (Doc. #21).   Tyler's fee petition is now before the Court for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B).  (Doc. #20).

### B.   Analysis

Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), four conditions must be satisfied in order to recover attorney's fees:  (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; (3) there must be no special circumstances that make an award unjust; and (4) the application must be filed within thirty days of final judgment.  *See Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129-30 (6th Cir. 2007) (citing *Comm'r, INS v. Jean*, 496 U.S. 154, 158 (1990)).  In the instant case, Tyler seeks compensation pursuant to the EAJA for 36.6 hours of attorney time at the rate of $170 per hour ($6,222.00).  (Doc. #19 at 2-3).  In response, the government does not argue that its position was substantially justified, nor does it challenge the amount of attorney hours expended.  (Doc. #21). Rather, the government argues only that the appropriate hourly rate is $125 per hour (totaling $4,575.00 in attorney's fees).  (*Id.*).

Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. §2412(d)(2)(A).  The Sixth Circuit has recognized that the $125 per hour "statutory rate is a ceiling and not a floor."  *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986).  When requesting an award for attorney's fees in excess of $125 per hour, the claimant bears the burden of providing appropriate evidence to support the increase.  *See Bryant*

---

[1] The government does not dispute Tyler's right to recover $350.00 in costs.  (Doc. #21 at 6).

2

*v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).

As set forth above, Tyler's counsel seeks attorney's fees at the rate of $170 per hour for attorney time.  (Doc. #19 at 1-2).  Counsel explains that this rate was calculated "on the basis of the $125.00 hourly rate authorized by the EAJA enhanced by the cost of living reflected by the Consumer Price Index prepared by the Bureau of Labor and Statistics."  (*Id.*).  In response, the government relies on *Bryant*, wherein the Sixth Circuit stated:

> In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase. Plaintiffs must "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."
>
> \*       \*       \*
>
> Here, Plaintiffs failed to meet their burden of proof, and the district court, in each case, appropriately noted the lack of proffered evidence.  **In fact, in both cases, Plaintiffs submitted only the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees.  This is not enough, and the district court did not abuse its discretion in denying Plaintiffs' requests.**

*Bryant*, 578 F.3d at 450 (internal citations omitted) (emphasis added).

As with the plaintiff in *Bryant*, Tyler relies only on the Consumer Price Index to justify a rate increase for attorney's fees.  (Doc. #19 at 1-2).  Indeed, Tyler's counsel did not even submit an affidavit supporting the request for a rate above the $125 per hour authorized by the EAJA. As the *Bryant* court made clear, this is insufficient.  Several cases decided since *Bryant* have reached the same conclusion.  *See Sleight v. Comm'r of Soc. Sec.*, 2012 WL 4006684, at \*2 (E.D. Mich. Sept. 12, 2012) ("Relying solely on the Department of Labor's Consumer Price Index (CPI) is not enough to support an increase in fees."); *Page v. Astrue*, 921 F. Supp. 2d 746, 748 (E.D. Mich. 2013) (awarding attorney's fees at the rate of $125 per hour where the plaintiff relied solely on the Consumer Price Index in arguing for a higher rate); *Ford v. Comm'r of Soc.*

*Sec.*, 2013 WL 5538784, at *2 (W.D. Mich. Oct. 8, 2013) ("Counsel does not satisfy this burden by submitting simply his own affidavit or 'the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees.'").

In conclusion, Tyler has not met his burden of establishing entitlement to a fee in excess of $125 per hour.  Tyler has not provided any evidence showing "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant*, 578 F.3d at 450.  Tyler bases his request for an increased attorney fee solely on the Consumer Price Index, which is insufficient to satisfy the burden of proof. *Id.*  Thus, the Court recommends limiting Tyler's attorney fees to $4,575.00 ($125 per hour for 36.6 hours).  Tyler should also be awarded the uncontested $350.00 in costs.

## II.    RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS that Tyler's Motion for Attorney's Fees [19] be GRANTED IN PART and DENIED IN PART.  Tyler's EAJA award should be limited to $4,575.00 (36.6 hours x $125 per hour) in attorney fees, plus $350.00 in costs for a total of $4,925.00.


Dated: February 27, 2014                              s/David R. Grand
Ann Arbor, Michigan                                   DAVID R. GRAND
                                                      United States Magistrate Judge

## <u>NOTICE</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*,

638 F.2d 947, 949–50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 27, 2014.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager